UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                       **MEMORANDUM OF LAW & ORDER**
                         Criminal File No. 11-163 (MJD/FLN)

JOESEPH EARL HERRERA,

       Defendant.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Stephen N. Preziosi, Law Office of Stephen N. Preziosi, Counsel for Defendant.

## I.   INTRODUCTION

This matter is before the Court on Defendant Joseph Earl Herrera's Motion Motion to Reinstate Notice of Appeal. [Docket No. 75]

## II.   BACKGROUND

On May 11, 2011, an Indictment was filed in the District of Minnesota charging Defendant Joseph Earl Herrera in a drug conspiracy case. [Docket No. 7] Defendant was indicted on Count 1, Conspiracy to Distribute Cocaine. On June 27, 2011, Defendant pled guilty to conspiracy to distribute five kilograms or

1

more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  [Docket Nos. 20, 21]

The Guideline Range represented in Defendant's plea agreement was 120 to 135 months.  (See Plea Hr'g Tr., Docket No. 69, at 6.)  The parties also anticipated a two-level increase for the Defendant's possession of a firearm and a three-level reduction for acceptance of responsibility, "predicated on [Defendant] complying with various conditions and testifying truthfully and undertaking no other action that would be inconsistent with acceptance."  (Id. at 5.)

After the plea, Defendant obtained methamphetamine from a person named "Rene."  (See Sentencing Tr., Docket No. 70, at 8-10.)  Defendant maintains that this incident was an act made to cooperate with the Government, and that he called the Government before and after participating in the drug transaction to inform them of his plans.  (See Att'y Aff., Docket No. 76, at 5-6.) Defendant argues that the incident was a misunderstanding, and that he was not actually attempting to break the law but rather was trying to assist the Government by helping to implicate Rene in the crime.  (Id. at 19.)

At the January 17, 2012 sentencing hearing, Defendant requested application of the three-level acceptance of responsibility reduction to calculate

his base offense level.  (See Sentencing Tr., at 10-12.)  After considering the arguments from the parties, the Court determined that the reduction did not apply and that the applicable Guidelines were as follows:

| | |
|---|---|
| Total Offense Level: | 36 |
| Criminal Category: | I |
| Imprisonment Range: | 188 to 235 months |
| Supervised Release: | 5 years |
| Fine Range: | $20,000 to $10 million |
| Special Assessment: | $100 |

On January 17, 2012, the Court sentenced Defendant to a term of 188 months, at the low end of the Guideline range, followed by five years of supervised release. (Id. at 25-26.)

Petitioner's attorney, John J. Leunig, filed a timely Notice of Appeal on behalf of Defendant on January 27, 2012.  [Docket No. 56]  On the same day, Leunig filed a motion to withdraw as Defendant's attorney, both with this Court and with the Eighth Circuit [Docket No. 57]; however, the Eighth Circuit issued an order on February 22, 2012 denying the motion to withdraw [See Docket No. 61].  On March 16, 2012, Defendant filed a motion for voluntary dismissal of his appeal, stating that "I, Joseph Earl Herrera, after consulting with my attorney and my family, and considering all the circumstances involved, hereby request

that my appeal be dismissed." (See Att'y Aff., Docket No. 76, Ex. B, at 1.) On March 19, 2012, the Eighth Circuit dismissed the appeal. [Docket No. 66]

On November 5, 2013, Defendant, represented by counsel, Stephen N. Preziosi, filed the current Motion to Reinstate Notice of Appeal. [Docket No. 75]

### A. Defendant's Stated Grounds for Relief

Defendant provides five grounds for his Motion. First, Defendant asserts that the prosecutor and his defense counsel made misleading statements by telling him that, if he waived his right to appeal, his maximum sentence would be 135 months imprisonment. Second, he asserts ineffective assistance of counsel by his former defense attorney, who he alleges advised him to withdraw his appeal. Third, he asserts that the Court's determination of his Guideline Range is invalid because the two-level firearm enhancement was wrongly applied. Fourth, Defendant asserts that the Court improperly denied a three-level reduction for acceptance of responsibility. Fifth, Defendant claims that the sentence imposed by the Court is unreasonable.

## III. DISCUSSION

### A. Interpreting Defendant's Motion

Defendant provides no legal standard or basis under which he is bringing his motion. Accordingly, the Court must determine what type of motion to

consider.  Because Defendant voluntarily withdrew his appeal, and because the Eighth Circuit consequently entered judgment dismissing the appeal [Docket No. 66] and issued its mandate [Docket No. 67], it appears that Defendant is requesting that the judgment of dismissal to be set aside so that his appeal may be reinstated.  When viewed this way, Defendant's request is more appropriately addressed to the Eighth Circuit.  However, Defendant has styled his motion as a Motion to Reinstate Notice of Appeal and filed it with this Court.

If this motion is properly addressed to this Court, the Court concludes that the motion is properly analyzed as either a motion for extension of time to file notice of appeal or a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  The Court will consider these options in turn.

### 1.     Motion for Extension of Time to File Notice of Appeal

If Defendant's motion is a Motion for Extension of Time to File Notice of Appeal, the motion is time-barred.  Federal Rule of Appellate Procedure 4(b)(1)(A) provides that appeal notice must be filed within 14 days after the later of: (1) entry of judgment of the order being appealed or (2)filing of the Government's notice of appeal.  Furthermore, Rule 4(b)(4) states that, "[u]pon a finding of excusable neglect or good cause," a district court may extend the time

to file a notice of appeal for a period not to exceed 30 days from the expiration of the time to appeal.

Here, it has been almost 22 months since the judgment was entered, and Defendant had a maximum of only 44 days to file a motion for extension of time to file. Therefore, if his motion is an extension motion, it is time-barred.

### 2. Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

The Court doubts that Defendant's motion is properly viewed as a § 2255 motion because it is not made in the form of a § 2255 as required by Rule 2(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Nevertheless, Defendant extensively briefs the motion and provides arguments to the merits of his case, detailing several grounds (noted above). Defendant is represented by counsel, and therefore is aware of the manner in which to bring a § 2255 motion. Therefore, the Court concludes that the motion is not a § 2255 motion and, therefore, will neither analyze the motion as a § 2255 motion nor issue a certificate of appealability.

The Court notes, however, that, even if the present motion were a § 2255 motion, it would be time-barred. A one-year statute of limitation applies to

motions brought under § 2255. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion to such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Here, Defendant does not present arguments under sections (2) – (3); rather, Defendant argues that his counsel improperly advised him to withdraw his appeal. Therefore, the date judgment became final is the most appropriate date from which to commence the limitations period. A judgment becomes final 14 days after it is entered or 90 days after the court of appeals issues its mandate, if the matter is appealed and the Defendant does not petition the Supreme Court for writ of certiorari. Fed. R. App. P. 4(b); Sup. Ct. R. 13; see United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006).

Here, Defendant's judgment of conviction became final on June 17, 2012, (90 days after the Eighth Circuit entered its March 19, 2012 Judgment).  [Docket No. 66]  Therefore, Defendant had until June 17, 2013 to file a § 2255 motion.  Defendant filed the present motion on November 5, 2013.  [Docket No. 75]  Accordingly, even if Defendant's motion is a § 2255 motion, it is time-barred.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED** that Defendant Joseph Herrera's Motion to Reinstate Notice of Appeal is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 10, 2014         s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court